REISSMANN, Appellant, vs. JELINSKI and another, Respondents.

*September 9—October 7, 1941.*

*Orville S. Luckenbach* of Shawano, for the appellant.

*O. Strossenreuther,* district attorney of Shawano county, for the respondents.

FOWLER, J. The plaintiff sues a town chairman and the relief administrator of Shawano county for neglecting to provide for a major operation on his jaw, and charges that their neglect was wilful and malicious. The court directed a verdict for the defendants. From the judgment of dismissal entered thereon, the plaintiff appeals.

It is conceded that the plaintiff is an indigent person residing and with a legal settlement within a town of Shawano

county. The plaintiff was therefore entitled to such public relief as the statutes provide. The county had adopted the county system of poor relief. This by sec. 49.15, Stats., imposed on the county the duty in respect to relief that would otherwise have devolved upon the town wherein the indigent person had his legal settlement. Sec. 49.01, imposes upon towns the duty to "relieve and support" all poor persons who have a legal settlement therein, and provides that the "town board . . . shall have the oversight and care of . . . indigents so long as they remain public charges; and shall see that they are properly relieved and taken care of in the manner required" by the statutes. Under sec. 49.15, when the county system is adopted, "the powers conferred and duties imposed . . . upon towns . . . shall be exercised and provided for pursuant to section 49.14." Sec. 49.14 (2) provides that when the county system exists the county board "may employ some competent person who shall have charge of all" relief furnished outside a "county home." The defendant Jelinski at the time involved was employed as such person. Sec. 49.14 (3) provides that the county board "may provide for the support and maintenance of the county poor in such other [than in a 'county home'] manner as they shall direct."

It appears from the evidence without dispute that the county board had provided that necessary medical treatment of indigents should be furnished by the county by employing such local physician as the indigent might choose, except that when such treatment as sec. 142.01, Stats., designates is required it is to be provided under ch. 142, Stats. Sec. 142.01 provides that an indigent person having a legal settlement within the state "who is crippled or ailing and whose condition can probably be remedied or advantageously treated, . . . may be treated at the Wisconsin general hospital or the Wisconsin orthopedic hospital for children . . . or in such other hospital or rehabilitation camp as the county judge shall direct," except that when the county judge shall direct the

treatment to be given in one of the state institutions mentioned it shall be given in the one that the indigent shall select.

The only other statutory provision for treatment of indigents is sec. 49.18, Stats., headed "Emergency medical relief." Sub. (1) of this section provides that the chairman of the county board, when in his opinion reason therefor shall exist, shall provide temporary medical relief for a poor person, unless the board shall have designated some other official therefor. The defendant Jelinski was designated by the board as such other official. Sub. (2) of sec. 49.18 provides that the county shall be liable for the "hospitalization of a person entitled to relief . . . without previously authorizing the same, when, in the reasonable opinion of a physician called to attend such person, immediate hospitalization is required, for indispensable emergency operation or treatment, and prior authorization for such hospitalization cannot be obtained without delay likely to be injurious to the patient."

The plaintiff first went to Dr. McCandless, a local physician, for treatment of his jaw on September 2d. The doctor concluded that immediate hospitalization was necessary for draining an abscess in the jaw. This he performed without waiting for previous authorization as he might do under sec. 49.18 (1), Stats., next above stated. On September 4th, the defendant Jelinski received a written notice signed by the doctor as follows:

"*Notice.* To the Shawano County Relief Department. Please take notice that Mr. Paul Reissmann, Jr., of the town of Birnamwood, Shawano county, Wisconsin, was this day hospitalized at the Birnamwood Community Hospital for the following emergency medical relief described as follows: Cellulitis and abscess of face. The probable duration of such hospitalization will be for two to four days. This notice is given in compliance of sec. 49.18, subsection (2), of the Wisconsin revised statutes. E. E. McCandless. Dated this third day of September, 1940."

On September 10th Jelinski wrote the doctor a letter saying the county denied liability because the plaintiff was at the time receiving assistance from the Federal Farm Security Administration. Dr. McCandless continued to give the plaintiff temporary treatments, but did not scrape off the infected portion of the jaw, which was necessary to permanent relief from the condition, and would be a major operation according to Dr. McCandless. No request was made upon the department for authorization of this operation until October 12th. Jelinski then told the plaintiff he could have the operation at the Wisconsin general hospital, and if he did not go there he would not get the operation from the county. On October 24th, the plaintiff again went to the county relief department and was told by Jelinski that application had been made for treatment at the Wisconsin general hospital and that he could be treated there. Such application had in fact been made, and treatment at such hospital was ordered by the county judge. The plaintiff demanded treatment by Dr. McCandless at the Birnamwood hospital, and declined to go to the Wisconsin general hospital because, by his own testimony, he "wanted to stay home with his family."

The question for determination is whether on the facts and the statutes above stated the direction of the verdict and dismissal of the complaint was proper. The action was in tort for negligence in failing to perform official duty in respect of furnishing medical treatment to the plaintiff.

As to the defendant Fred Christianson, town chairman, the dismissal was manifestly proper. He, as town chairman, had no official duty to perform in respect of furnishing relief, except as sec. 142.02, Stats., might obligate him. The section, so far as material, reads:

"When the case of such person [entitled to state treatment under sec. 142.01] shall come to the notice of a . . . county supervisor . . . or any public official, he shall . . . file with the county judge of the county wherein such afflicted person

has a legal settlement an application for such treatment at such [state] hospital."

Christianson, if deemed a "county supervisor" or "a public official," was obligated to file an application for treatment of the plaintiff at the state general hospital on the plaintiff's condition coming to his attention, but he did just that. He thus owed no duty to the plaintiff except the one he faithfully performed.

As to Jelinski, as the person designated by the county board to act in county relief matters, he was obligated under sec. 142.02, Stats., but had no duty to perform in respect of the application for treatment at the Wisconsin general hospital because that application was made by Christianson. As soon as he was informed on October 12th that the plaintiff desired such relief as is contemplated by sec. 142.01 he told the plaintiff that he could have that relief at the Wisconsin general hospital, and when he was next appealed to in the matter on October 24th he told the plaintiff that the county judge had ordered such relief, and the plaintiff then declined to accept it. There was thus no failure of duty on Jelinski's part unless, as plaintiff claimed, the plaintiff had the right to be treated by Dr. McCandless at the local hospital. We perceive nothing in the statute to give the plaintiff such a choice. The county was obligated to furnish the treatment demanded, but was plainly entitled to have it given at the Wisconsin general hospital. The plaintiff was by the statute given the option to be treated at any one of the state institutions designated in the statute, but the statute gives no other option and none other is to be implied. Indigents may not be choosers as to who shall give them medical or surgical treatment any farther than the statutes or the practice of the responsible municipality may provide. It is a common practice for indigents to be treated by such physician as the governing body of the municipality responsible shall select,

regardless of the wishes of the indigent. In the instant case, except in cases falling under ch. 142, Stats., the county by its practice gave the indigent his choice of a physician, but it did not go further. A county in furnishing relief covered by ch. 142, Stats., may avail itself of the advantage of sharing the cost of the relief with the state as provided by sec. 142.08. In the instant case the plaintiff was not entitled to treatment for the major operation until he requested it, or the proper county authority was informed that he required it. There was nothing in Dr. McCandless' notice to the county to inform the county or Jelinski that a major operation was required. The notice by its terms designated the relief needed as emergency treatment under sec. 49.18 (2) and that the plaintiff received. As plaintiff on October 12th received proper treatment for all conditions that Jelinski was informed existed up to that time he is not liable for not furnishing treatment prior thereto. And as plaintiff on October 24th rejected the only treatment the county was obligated to furnish him, and manifestly would have rejected it on October 12th had the county judge ordered it on that day, the delay in procuring the order until October 24th did not operate to deprive the plaintiff of that treatment and therefore did not cause him any injury. The judgment of the circuit court was therefore correct as to Jelinski and must be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.